IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LARRY DONNELL BOSWELL, JR., § | | |
| TDCJ No. 02011634, § | | |
| § | | |
| V. § | | W-23-CV-211-ADA |
| § | | |
| BOBBY LUMPKIN. § | | |

## ORDER

Before the Court is Petitioner Larry Donnell Boswell, Jr.'s petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons set forth below, Petitioner's petition is dismissed with prejudice as untimely filed.

## I. Discussion & Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1)(A)-(D). A properly-filed state application for habeas corpus relief or other collateral review tolls the limitations period during the pendency of the state application. *Id.* § 2244(d)(2).

Petitioner seeks to challenge his 2015 capital murder conviction in Bell County, where, on June 11, 2015, he was sentenced to life imprisonment. *State v. Boswell*, No. 72084 (27th Dist. Ct., Bell Cnty., June 11, 2015). Petitioner's conviction was affirmed on appeal on July 7, 2017. *Boswell v. State*, No. 03-15-00540-CR, 2017 WL 2026641 (Tex. App.—Austin, July 7, 2017, no pet.) The Texas Court of Criminal Appeals (TCCA) granted Petitioner an extension until January 19, 2018, to file a Petition for Discretionary Review (PDR), but Petitioner did not file his PDR until April 27, 2018. Because the appellate court issued mandate on February 28, 2018, the TCCA did not take any action on Petitioner's PDR. *Boswell v. State*, No. PD-1312-17 (Tex. Crim. App. Apr. 27, 2018).

For purposes of federal review, Petitioner's conviction became final on January 19, 2018, the date on which the state-court judgment became final by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner therefore had until January 19, 2019, to timely file his federal habeas petition; however, he did not execute his federal petition until March 16, 2023, over four years after the limitations period expired.

*a. Statutory Tolling.* A properly filed state habeas application tolls the AEDPA limitations period during its pendency. 28 U.S.C. § 2244(d)(2). A review of state records show Petitioner filed his state habeas corpus application on November 8, 2021, which

2

was over two-and-a-half years after the limitations period had expired, and therefore cannot, by itself, operate to toll the AEDPA limitations period.

In his response to the Court's Show Cause Order, Petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). (ECF No. 8.) Under this section, the AEDPA limitations period does not begin to run until the date on which a state-created impediment, which violated the Constitution or federal law, and which prevented the petitioner from timely filing his petition, is removed. Although section 2244(d)(1)(B) does not define what constitutes an "impediment," its language clearly states that whatever constitutes an impediment must have actually prevented a petitioner from timely filing his habeas corpus petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Thus, to demonstrate entitlement to a later AEDPA commencement date under section 2244(d)(1)(B), a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner argues he is entitled to statutory tolling under this section because his trial counsel passed away before Petitioner could locate and scan the discovery materials from his underlying conviction. Petitioner alleges he was not able to locate his discovery materials until April 2021, and thereafter filed his state habeas application in November 2021.

A review of public records shows that Petitioner's trial counsel, Mr. Robert O. Harris, III, died on September 26, 2019, over nine months after the AEDPA limitations period had expired. Thus, Mr. Harris's death is not what prevented Petitioner from

timely filing his state habeas application. Accordingly, Petitioner is not entitled to statutory tolling.

*b. Equitable Tolling*. Although Petitioner does not specifically claim he is entitled to equitable tolling based on his attorney's death, he does argue he has diligently pursued federal habeas relief. Accordingly, the Court will analyze Petitioner's entitlement to equitable tolling.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (only "rare and exceptional circumstances" warrant equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under § 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). A "garden variety claim of excusable neglect" will not entitle a petitioner to equitable tolling; rather, the doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is

4

prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citations omitted).

Here, Petitioner's claim he has diligently pursued federal habeas relief does not pass muster: although he argues his attorney's death prevented him from filing his state application within the AEDPA limitations period, his attorney passed away nine months after the limitations period expired. Further, as noted above, being a pro se litigant is not the kind of "rare and exceptional" circumstance that warrants equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling.

Finally, Petitioner has not shown he could not have discovered the factual predicate of his claims earlier or that his claims concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. As a result, Petitioner's petition for writ of habeas corpus is untimely and barred from consideration by § 2244(d)(1).

## II. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme

Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely.

It is finally **ORDERED** that a certificated of appealability is denied.

SIGNED this 10th day of May, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE